## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

Manuel Q. CRUZ, et al., on behalf of
themselves and others similarly situated,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civ. No. 09-79

OPINION

THOMPSON, U.S.D.J.[1]

## I. INTRODUCTION

This matter has come before the Court on Plaintiffs' Motion to Alter or Amend

Judgment. (Docket Entry No. 105). Defendants United States of America, United States Postal

Service, and John Berry, Director of the Office of Personnel Management (OPM) (collectively,

"Defendants") oppose the motion. (Docket Entry No. 106). The Court has decided the motion

after considering the parties' submissions without oral argument pursuant to Federal Rule of

Civil Procedure 78(b). For the following reasons, Plaintiffs' motion is denied.

## II. BACKGROUND

This case arises out of a dispute over the benefits afforded to certain federal government

employees. Employees residing in certain areas outside of the continental United States are able

to receive Cost of Living Allowances (COLAs) based upon the living costs associated with a

specific locality. *See* 5 U.S.C. § 5941. The retirement benefits granted to federal civil servants

are based, at least in part, on an employee's highest three consecutive years of "basic pay." *See*

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

5 U.S.C. §§ 8331(4), 8401(3). Pursuant to 5 C.F.R. § 591.239(b), OPM does not include COLAs in an employee's "basic pay" when calculating retirement benefits.

Plaintiffs brought suit against Defendants, alleging eight separate claims that challenge, on various theories, Defendants' exclusion of COLAs from the calculation of Plaintiffs' "basic pay" for purposes of computing his or her retirement benefits.[2] (Sec. Am. Compl., Docket Entry No. 43, Attach. 1 at ¶¶ 3.2, 4.1–4.8). On May 8, 2011, Defendants moved to dismiss these claims for lack of subject matter jurisdiction or, alternatively, for lack of venue. (Docket Entry No. 55).

On August 20, 2012, the Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction. (Docket Entry Nos. 95, 96). The Court concluded that the Civil Service Retirement Act ("CSRA") "precludes judicial review of those eight claims because the CSRA provides an alternative, comprehensive remedial scheme." (Docket Entry No. 95 at 4-5). As such, "OPM is the appropriate forum to hear these claims, and if necessary, review of that decision should be heard by the [Merit Systems Protection Board ("MSPB")], followed by the Federal Circuit." (Id. at 5). The Court concluded that, as Plaintiffs had not sought individual determinations by OPM, this Court lacked jurisdiction over Plaintiffs' claims. (Id. at 8).

The Court also rejected Plaintiffs' argument that jurisdiction is proper because the case is a "mixed case." (Id. at 11-12). The Court agreed that a claimant in a mixed case may elect to file a complaint with the agency's Equal Employment Opportunity office ("EEO") and then subsequently appeal the agency's EEO decision in federal district court. (Id. at 11). However, jurisdiction was not proper because (1) Plaintiffs had not sought an individual determination by OPM and, consequently, there was no "action that can be appealed to the [MSPB]," and (2)

---

[2] Plaintiffs also raised three unrelated claims concerning an interim regulation promulgated by OPM in September 2010. (Sec. Am. Compl., Docket Entry No. 43, Attach. 1 at ¶¶ 4.9-4.11). These claims were dismissed in the Court's opinion issued August 20, 2012, (Docket Entry No. 95 at 12-15), and Plaintiffs' motion does not seek to alter the judgment as to those claims. (Docket Entry No. 105).

Plaintiffs had not exhausted administrative remedies because they had not filed a formal EEO complaint with the agency. (*Id.* at 11-12).

Plaintiffs now argue that jurisdiction is proper under both 42 U.S.C. § 2000e-16(c) and 5 U.S.C. § 7702 and move to amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). (Docket Entry No. 105).

### III. STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move to "alter or amend a judgment." FED. R. CIV. P. 59(e). In effect, Rule 59(e) is a "device to relitigate the original issue." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (quoting *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir. 1987)). A motion for an altered or amended judgment may only be granted if one of three grounds is satisfied: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was previously unavailable; or (3) there is a need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

### IV. ANALYSIS

Two statutory schemes provide for judicial review in federal district court of disputes involving the civil rights of federal employees: (1) 42 U.S.C. § 2000e-16(c); and (2) 5 U.S.C. § 7702. Plaintiffs argue that jurisdiction is proper under both statutes. The Court addresses each statute separately.

*A. Section 2000e-16(c)*

Plaintiffs first contend that jurisdiction is proper under Section 2000e-16(c). Section 2000e-16(c) provides that an employee may seek judicial review in federal district court (1) within 90 days of receipt of notice of final action taken by an agency or by the Equal Employment Opportunity Commission ("EEOC") upon an appeal from an agency decision; or

3

(2) 180 days after the filing of the initial charge with the agency or the EEOC on appeal if no final action is taken on the complaint. 42 U.S.C. § 2000e-16(c).

Various EEOC regulations govern the grievance process for federal employees and require employees to take certain actions "pre-complaint." *See* 29 C.F.R. § 1614.105 (pertaining to individual complaints); 29 C.F.R. § 1614.204(b) (pertaining to class complaints). Under these regulations, an employee must "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. §§ 1614.105(a), 1614.204(b) (incorporating the counseling requirements set forth in § 1614.105 for class complaints). If the matter has not been resolved within 30 days of the "date the aggrieved person contacted the agency's EEO officer to request counseling," the Counselor must inform the person in writing of the right to file a discrimination complaint. 29 C.F.R. § 1614.105(d).

Upon receiving such notice, a discrimination complaint must be filed with the agency that allegedly discriminated against the complainant "within 15 days." 29 C.F.R. §§ 1614.106(a), (b). The complaint must provide a telephone number and address for the complainant as well as "a signed statement from the person claiming to be aggrieved or that person's attorney." 29 C.F.R. § 1614.106(c). The statement "must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." *Id.*

In this case, Plaintiffs argue that they filed an initial charge with OPM, OPM never issued a final decision, and they were, therefore, permitted to bring suit in federal district court 180 days after they filed their initial charge. Plaintiffs filed claims with OPM related to retirement annuities and locality pay on June 6, 2011 and, in doing so, initiated counseling. (Docket Entry No. 72 at ¶ 4). Notice that counseling had been completed was subsequently issued on July 1, 2011. (Docket Entry No. 88 at ¶ 11; *id.* Ex. A). Upon completion of counseling, Plaintiffs did

not file a complaint with OPM but claim that the document filed on June 6, 2011 was sufficient to constitute a formal administrative complaint. As such, they contend that they were, therefore, excused from re-filing a complaint upon completion of counseling. Following Plaintiffs' logic, the 180-day waiting period before Plaintiffs could bring suit in federal district court began to run upon the issuance of the counseling completion notice on July 1, 2011. (Docket Entry No. 107 at 7). As such, Plaintiffs contend that jurisdiction in this case has existed since December 3, 2011. (*Id.*).

Assuming that Plaintiffs are correct that the document filed on June 6, 2011 meets the regulatory requirements for a complaint under 29 C.F.R. § 1614.106, Plaintiffs cannot escape the fact that, due to the timing of their filing, they never actually filed a formal complaint that would trigger OPM to address their claims. First, the regulations are clear that a complainant "must consult a Counselor *prior* to filing a complaint . . . ." 29 C.F.R. § 1614.105(a) (emphasis added); *see also Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012) (rejecting plaintiff's argument "that he satisfied the exhaustion requirement by presenting his . . . claim to the [agency] during his . . . EEO counseling session" because "[f]iling a *formal* complaint is a prerequisite to exhaustion" (emphasis added)).

Furthermore, requiring a complainant to file a formal complaint *after* counseling is consistent with the purpose of the regulations. As explained by 29 C.F.R. § 1614.105(a), the purpose of the counseling requirement is "to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). The regulations contemplate, therefore, that until counseling is completed and a formal complaint is filed, a complainant is merely engaged in the informal "pre-complaint processing" of his claims. Filing a formal complaint, therefore, is necessary to trigger formal agency consideration.

5

The need to file a formal complaint to trigger agency review is highlighted further by the fact that until a formal complaint is filed with an agency, a complainant may elect to pursue his claims elsewhere. *See Devaughn v. U.S. Postal Serv.*, 293 F. App'x 276, 280 (5th Cir. 2008) (rejecting the argument that plaintiff's "requests for pre-complaint counseling constitute an election to pursue the EEO route" because "[p]re-complaint counseling is a prerequisite to filing a formal EEO complaint . . . but it does not take the place of filing a formal complaint"). For example, when a complainant brings a "mixed claim," he may elect to pursue that claims before the MSPB and forego agency review altogether. 29 C.F.R. § 1614.302. In fact, one of the purposes of counseling is to inform the complainant of his election rights under 29 C.F.R. § 1614.302. 29 C.F.R. § 1614.105(b)(1); *Devaughn*, 293 F. App'x at 280. It follows, therefore, that until Plaintiffs filed a formal complaint with OPM, Plaintiffs simply had not triggered formal review of their claims at the agency level. Therefore, no document filed before counseling constituted a formal complaint and the June 6, 2011 filing was merely part of "pre-complaint processing." *Id.*

Plaintiffs further argue that they were not required to re-file their complaint after counseling because they filed a class complaint and the language contained in 29 C.F.R. § 1614.204 – the regulation pertaining to class complaints – differs slightly from the regulations discussed above which apply only to individual complaints. Specifically, the regulations provide that class complaints must be filed "not later than 15 days after the agent's receipt of the notice of the right to file a class complaint," 29 C.F.R. § 1614.204(c)(2), and individual complaints must be filed "within 15 days" of such notice. 29 C.F.R. § 1614.106(b). Plaintiffs contend that this difference justifies interpreting the regulations differently to permit complainants to file formal class complaints *before* counseling.

The Court does not agree. Under the regulations, class complaints are subject to the same "pre-complaint processing" requirements as individual complaints. For example, employees bringing class claims are required to "seek counseling and be counseled in accordance with 29 C.F.R. § 1614.105," just as employees bringing individual complaints are required to do. 29 C.F.R. § 1614.204. This uniform "pre-complaint processing" scheme contemplated by the regulations is inconsistent with Plaintiffs' interpretation of the regulations which would permit formal class complaints to be filed at any point but only allow formal individual complaints to be filed after counseling. In sum, the Court is not convinced that the EEOC, in promulgating these regulations, contemplated a system where a class complaint filed with an agency before counseling constitutes an election to pursue agency review but an individual complaint so filed does not. Finding no case law to support this position, the Court does not agree with Plaintiffs that the language in 29 C.F.R. § 1614.204 absolved Plaintiffs of their duty to file a complaint with OPM following completion of counseling. Therefore, Plaintiffs have not met their burden of showing that jurisdiction is proper under 42 U.S.C. § 2000e-16(c).

   *B. Section 7702*

   Plaintiffs contend that jurisdiction is also proper under 5 U.S.C. § 7702, a statute not cited in the Court's August 20, 2012 opinion. (Docket Entry No. 105 at 2). Although Plaintiffs are correct that the Court's August 20, 2012 opinion contains no citation to Section 7702, the Court did address in the opinion whether jurisdiction was proper under Section 7702 when it assessed whether this case was a "mixed case" subject to requirements different than those outlined in Section 2000e-16(c). (Docket Entry No. 95 at 11-12). Although Plaintiffs essentially raise arguments already addressed in the Court's August 20, 2012 opinion, the Court briefly revisits whether jurisdiction is proper under Section 7702.

7

Section 7702 applies to any matter before an agency that involves (1) "an employee or applicant for employment who has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board;" and (2) "any issue of discrimination" prohibited under various federal statutes. 5 U.S.C.A. § 7702(a)(2). These matters have been described as "mixed cases." *See* 29 C.F.R. § 1614.302 ("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board."); *Kloechnew v. Solis*, 133 S.Ct. 596, 601 (2012) ("When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'").

An employee who intends to pursue a mixed case has two paths available. *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999). "[T]he aggrieved party can choose between filing a 'mixed case complaint' with her agency's EEO office and filing a 'mixed case appeal' directly with the MSPB." *Id.* (citing 29 C.F.R. § 1614.302(b)). If the complainant elects to file a mixed case complaint, the agency must resolve the claims within 120 days. 5 U.S.C.A. § 7702(a)(2). If, however, the agency does not render a decision within 120 days, the employee may elect to file suit in federal district court. 5 U.S.C. § 7702(e)(1)(A).

Here, Plaintiffs contend that this Court has jurisdiction under Section 7702 because they filed a mixed case complaint with OPM and 120 days passed without OPM issuing a decision on Plaintiffs' claims. In reaching this conclusion, Plaintiffs argue that the June 6, 2011 filing with OPM is sufficient to constitute a "matter before an agency" as provided in Section 7702(a)(2). Plaintiffs contend that Section 7702 was intended to "create a shorter and simpler alternative path to district court relief" than under 42 U.S.C. § 2000e-16(c), and thus, they were not required

8

to comply with the EEO pre-complaint processing regulations discussed above. (Docket Entry No. 107 at 10).

After reviewing the applicable statute, regulations, and case law, the Court cannot agree. "The administrative framework established to vet 'mixed' cases under Title VII begins with a single election by the employee: he may file a mixed-case complaint with the agency's EEO office or file a mixed-case appeal with the MSPB . . . ." *Devaughn v. United States Postal Serv.*, 293 F. App'x 276, 280 (5th Cir. 2008). "[O]nce chosen, the employee must exhaust his remedies in that forum . . . ." *Id.* "A federal employee who chooses to assert her 'mixed case complaint' against the government through her agency's EEO office . . . must undergo a two-step process to exhaust her administrative remedies: (1) informal counseling with an EEO counselor within 45 days of the challenged employment act, and (2) the filing of a formal complaint with the agency or department within 15 days after the EEO counselor has issued a notice of final interview." *Hendrix v. Snow*, 170 F. App'x 68, 76 (11th Cir. 2006); *see also Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998) ("Had plaintiff filed his [mixed case complaint] directly under Title VII and the Rehabilitation Act [rather than appealing directly to the MSPB], he would have been required to follow EEOC regulations, which require that an employee contact a Postal Service Equal Employment Office Counselor within 45 days of the alleged discriminatory personnel action."); *Morgan v. Potter*, No. 08-237, 2009 WL 3214795, at *5 (S.D. Miss. Sept. 30, 2009) ("The exhaustion doctrine is equally applicable to suits filed under Title VII through the provisions of the CSRA. Thus, if the plaintiff had filed suit directly under Title VII and the Rehabilitation Act, she would have been required to follow EEOC regulations, which require that an employee contact a Postal Service Equal Employment Office Counselor within 45 days of the alleged discriminatory personnel action." (citations omitted)). To hold otherwise would permit Plaintiffs to avoid the regulatory scheme contemplated by Congress when it authorized

the EEOC "to issue, amend, or rescind suitable procedural regulations to carry out the provisions of [Title VII]." 42 U.S.C. § 2000e-12(a). As Plaintiffs failed to file a formal EEO complaint with OPM, Plaintiffs did not exhaust administrative remedies and the Court finds that jurisdiction is not proper under Section 7702.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend Judgment, (Docket Entry No. 105), is denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: 3/28/13